IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| SEAN WILLIAMS and ) | |
| JANICE WILLIAMS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CV 124-051 |
| ) | |
| GEORGIA POWER and ) | |
| COMTRAN GROUP INC., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs are proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because they are proceeding IFP, the case must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

I.  **Screening the Complaint**

   A.  **Background**

On April 23, 2024, Plaintiffs filed a Notice of Removal ("Notice"), acknowledging Plaintiff Sean Williams originally filed the case against Defendants on February 2, 2024, in Taliaferro County Superior Court. (Doc. no. 1; see also Williams v. Georgia Power, et al., 24CV0004 (Super. Ct. Taliaferro Cnty. Feb. 2, 2024), Taliaferro Cnty. Sup. Ct. Web Docket, available at https://peachcourt.com/ (use "Case Search" by "Case Number" in Taliaferro

Cnty. Sup. Ct.; then search for "24CV0004"; last visited Apr. 25, 2024[1]). Defendants answered the complaint in state court and filed a motion for judgment on the pleadings, which is pending. Williams, 24CV0004, doc. nos. 9-12. Plaintiff Sean Williams did not respond to the motion for judgment on the pleadings, but instead filed a notice of removal in the state case on April 24, 2024. Id., doc. no. 13.

The Notice asserts federal jurisdiction under 28 U.S.C. § 1332 and states the case is subject to removal pursuant to 28 U.S.C. § 1441. (Doc. no. 1, p. 1.) The Notice asserts both named Defendants in this case are "working together to forcefully evict landowners using construction vehicles in the absence of lawful permits and not wanting to pay homeowners to relocate." (Id.) The Notice further explains Plaintiffs have removed the case to have access "to a federal court with a bigger jury pool," and requests the Court "grant a six to twelve month case extension" because Plaintiff Janice Williams is expected to receive military orders sending her to a war zone. (Id. at 1-2.) Attached to the Notice is Plaintiff Sean Williams's Complaint, which was filed in the Superior Court of Taliaferro County, as well as other documents and pictures filed in that case and another Civil Action filed against both Sean and Janice Williams by Georgia Power Company in the Superior Court of Taliaferro County, 24CV0010. (Doc. no. 1-1; see also Georgia Power Co. v. Williams, et al., 24CV0010 (Super. Ct. Taliaferro Cnty. Apr. 2, 2024), Taliaferro Cnty. Sup. Ct. Web Docket, available at https://peachcourt.com/ (use "Case Search" by "Case Number" in Taliaferro Cnty. Sup. Ct.; then search for "24CV0010"; last visited Apr. 25, 2024).

---

[1]The Court may take judicial notice of another court's records to establish the existence of ongoing litigation and related filings. See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994).

B.      Discussion

1.      **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement'

3

possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Removal by Plaintiffs Is Improper

Under 28 U.S.C. § 1441(a), removal of a civil action brought in state court to federal court may be had by "the defendant or the defendants" if the district court would have had original jurisdiction. "By the plain terms of the statute, then, only 'the defendant or the defendants' may remove a case." Championship Prop. LLC v. Coan, No. 20-13728, 2022 WL 4455208, at *4 (11th Cir. Sept. 26, 2022) (*per curiam*) (citation omitted). Pursuant to 28 U.S.C. § 1446(b), the notice of removal "shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" As recently explained by the Eleventh Circuit:

> The right to remove a case to federal court is "purely statutory and therefore its scope and the terms of its availability are entirely dependent" on the terms set out by Congress in the federal removal statute. Global Satellite Commc'ns Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271 (11th Cir. 2004) (quotation marks omitted). Furthermore, "because removal jurisdiction raises significant federalism concerns," the removal statute is construed strictly. City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012) (alteration accepted).

James v. Freedom Mortg. Corp., No. 23-13039, 2024 WL 1509682, at *3 (11th Cir. Apr. 8, 2024) (*per curiam*).

In light of the statutory requirements for removal, Plaintiffs' case must be dismissed from federal court because only a <u>defendant</u> may remove a civil action brought in state court. See <u>id.</u> (affirming *sua sponte* dismissal of federal case removed by plaintiff who originally filed underlying case in state court); <u>see also</u> <u>Home Depot U.S.A., Inc. v. Jackson</u>, 587 U.S. -, 139 S. Ct., 1743, 1748 (2019) (analyzing removal requirements under § 1441(a) and emphasizing "the defendant" who may remove a civil action is the defendant to the complaint in the underlying state action).  Here, Plaintiffs concede their status in the underlying state action and explain they are attempting to remove the case to gain access to "a bigger jury pool." (Doc. no. 1, p. 1.) Moreover, even if Plaintiffs were the proper parties to remove the case, Plaintiffs have not established this Court has jurisdiction over any claims in the state court action because they have not pled diversity of parties as is required under § 1332.  To the contrary, the complaint in the state case lists a Georgia address for all parties. (Doc. no. 1-1, pp. 4-5.)  Nor is there any support for the stated twenty-million dollars amount in controversy.  (Doc. no. 1, p. 1.)  Finally, the state court action was filed on February 2, 2024, and Plaintiffs did not file the Notice until April 23, 2024, well past the thirty-day deadline in § 1446(b).[2]

"A claim is frivolous if it is without arguable merit either in law or fact." <u>Bilal</u>, 251 F.3d at 1349 (citations omitted); <u>see also</u> <u>Neitzke</u>, 490 U.S. at 325 (same).  As "the removing party here was not the defendant in the state court action referenced in the notice of removal but rather the plaintiff," Plaintiffs' Notice is legally without merit, and therefore the case must be dismissed. See <u>James</u>, 2024 WL 1509682, at *3.  To the extent Plaintiff Sean Williams filed a

---

[2]For the sake of completeness, the Court also notes another deficiency with the Notice in that only Plaintiff Sean Williams was named in the underlying state court lawsuit, but Janice Williams purports to join the removal to federal court.

notice of removal in 24CV0004 in Taliaferro County Superior Court,[3] the case should be remanded for resolution in the normal course of that state court's business.

## II.    Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** as frivolous, and this civil action be **CLOSED**. Although the removal notice is deficient, to the extent Plaintiff Sean Williams filed a notice of removal in 24CV0004, the Court also **REPORTS** and **RECOMMENDS** this case be remanded to the Superior Court of Taliaferro County.[4]

SO REPORTED and RECOMMENDED this 25th day of April, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Williams, 24CV0004, doc. no. 13.

[4] The Court **DIRECTS** the **CLERK** to serve this Report and Recommendation on Kyle B. Waddell and Charles L. Vann, Sr., in the same manner as the Removal Notice to All Counsel of Record, (doc. no. 4), and document the same on the docket.